IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAVIN A. GREEN,

        Petitioner,

v.                                       Civil action no. 3:05CV3
                                          Criminal action no. 3:02CR26-02
                                          (Judge Broadwater)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 24, 2005, the *pro se* petitioner, an inmate at FCI-Cumberland, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody along with a supporting memorandum of law and an affidavit. By Order entered on February 14, 2005, the Court ordered the respondent to answer the motion. On March 31, 2005, the respondent filed Motion by the United States for Leave to File Motion to Dismiss and Response to Motion Made Pursuant to 28 U.S.C. 2255 Out of Time. On April 4, 2005, an Order was entered granting the respondent's motion for leave to file out of time. On April 5, 2005, the respondent filed a Motion of the United States to Dismiss and Response to Petitioner's Motion Made Pursuant to 28 U.S.C. 2255. On April 11, 2005, the petitioner filed Petitioner's Reply to the Government's Response to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

This matter, which is pending before me for initial review and report and recommendation pursuant to the January 26, 2005, Order of Referral issued by the Honorable W. Craig Broadwater and LR PL P 83.15 is ripe for review.

## II. FACTS

### A. Conviction and Sentence

On November 4, 2002, the petitioner signed a plea agreement by which he agreed to plead guilty to possession with the intent to distribute crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). In the plea agreement, the parities stipulated to total drug relevant conduct of 5,603.18 grams of cocaine base, also known as crack. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

On November 11, 2002, the petitioner entered his plea in open court. During the plea hearing, the Government presented the testimony of Ted Snyder, a deputy sheriff with the Berkeley County Sheriff's Department, to establish a factual basis for the plea. (Plea transcript pp. 21-24) The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 2 of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 24) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement (Id. at 25) Finally, the petitioner testified that his attorney had

adequately represented him, that his attorney had left nothing undone. (Id at 25-26)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of Count 2 were established beyond a reasonable doubt. The petitioner did not object to the Court's finding.

On February 3, 2003, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 268 months.

## B. Appeal

Despite his waiver of appeal rights, the petitioner filed a Notice of Appeal on February 19, 2003. The Government moved to dismiss the appeal because the petitioner waived his right to appeal. On October 14, 2003, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal.

## C. Federal Habeas Corpus

### Petitioner's Contentions

The petitioner asserts that he was denied the effective assistance of counsel. More specifically, he alleges that his counsel was ineffective for advising him to stipulate to elements of an offense that were neither charged in the indictment nor proven beyond a reasonable doubt, and as well, for advising him to waive his right to appeal and collaterally attack the sentence.

### Respondent's Contentions

The respondent contends that the petitioner's argument does not establish that his counsel was ineffective nor does his argument establish that his counsel's alleged ineffectiveness resulted in a longer term of imprisonment than he should have received.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

**A. Waiver**

In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights and referenced "United States v. Marin, 961 F.2d 493 (4th Cir.1992) ('[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.'); United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack.[1] Nonetheless, the Fourth Circuit stated that it saw no reason to treat waivers of collateral

---

[1] In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005).
Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or

4

attack rights different than waivers of direct appeal rights. Id.

The Fourth Circuit has already found the petitioner's waiver of his appellate rights to be knowing and voluntary as evidenced by the court's dismissing the appeal. Likewise, the undersigned finds that the petitioner's waiver of his right to collaterally attack his sentence is knowing and voluntary. Thus, the undersigned must determine whether the petitioner's claims fall within the scope of the waiver. Inasmuch as the petitioner alleges ineffective assistance of counsel, his claims fall within the above-mentioned exceptions and are not barred by his waiver of the right to collaterally attack his sentence.

**B. Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986);

---

the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

5

Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985), *cert. denied*, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

## IV. **DISCUSSION**

The petitioner, herein, is asserting what amounts to an Apprendi claim.[2] However, the petitioner's Apprendi claim is without merit. The petitioner pleaded guilty to Count 2 of Indictment No. 3:02cr26-02, charging possession with intent to distribute 24.6 grams of cocaine base, also known as crack, in violation of 21 U.S.C. §841(a)(1). The statutory penalty for such a violation is contained in 21 U.S.C. §841(b)(1)(B) which provides for a term of imprisonment of not less than 5 years nor more than 40 years. The district court imposed a sentence of 268 months (22.3) years, which is well below the statutory maximum 40 years as provided by the statute. Thus, there is no Apprendi violation.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, the same is without merit.

---

[2]The decision in Apprendi v. New Jersey, establishes that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

6

Blakely, as an extension of Apprendi, holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by the jury. In Booker, the Supreme Court issued a two part decision. In the first part, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial, because a judge, not a jury, determines facts which could increase the defendant's sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[3] Therefore, the petitioner is not entitled to have Booker applied retroactively to his sentence on collateral review.

Thus, the petitioner is left with nothing more than the bald assertion that his counsel was ineffective. He has come forward with no evidence that his claim has merit. Nor can he claim ignorance of the consequences of his plea. During the Rule 11 hearing, the petitioner acknowledged that in reference to relevant conduct, the Court in determining his Total Offense Level in references to sentencing under the Guidelines can take into account any conduct, circumstances, and injuries that are relevant to the crime to which he pleaded guilty. (Plea

---

[3]The Fourth Circuit decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, in in conformity with nine circuit courts of appeals that have considered the issue.

Transcript p. 17). In addition, the petitioner acknowledged that he could receive a sentence of not less than 5 years nor more than 40 years. (Plea Transcript p.15). Finally, the petitioner acknowledged that he attorney had been a good lawyer. (Plea Transcript p. 25). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. Strickland, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

## V.  MISCELLANEOUS MOTIONS

As part of his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255, the petitioner requests as an alternative ground for relief that he be afforded an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the petitioner is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief. Thus, he is not entitled to an evidentiary hearing, and his motion is denied..

## V. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **GRANTING** the respondent's motion to dismiss, and **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's §2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

9

Dated: <u>March 23, 2006</u>

                                              <u>/s/ Janes E. Seibert</u>
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE